## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 2:22-cr-223 |
| Plaintiff, | : | |
| | : | Judge Algenon L. Marbley |
| v. | : | |
| | : | |
| RATHNAKISHORE GIRI, | : | |
| | : | |
| Defendant. | : | |

## ORDER

This matter comes before the Court on Defendant Rathnakishore Giri's Unopposed Motion to File Documents Under Seal. (ECF No. 75). Giri seeks to submit a sentencing memorandum with sensitive, non-public information for the Court's consideration. (*Id.* at 2). The Government does not oppose this Motion. (*Id.*). But the fact that the Motion is unopposed is an insufficient reason to grant it in light of the presumption of public access to "every document that a party files with the court for purposes of influencing a judicial decision." *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 930 (6th Cir. 2025). "Only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted). When a district court seals court records, it must set forth its findings and conclusions justifying nondisclosure by establishing that: (1) there are compelling interests supporting nondisclosure; (2) the public interest in access is outweighed by those compelling interests; and (3) the seal is no broader than necessary. *Id.* at 306; *see Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (characterizing these three factors as independent requirements).

1

Giri fails to address this standard for sealing documents.  He only represents that he "intends to provide sensitive, non-public information" and "personal information in the letters in support." (ECF No. 75 at 2).  This is conclusory and insufficient to support a seal.  *See United States v. Higgins*, 2024 WL 6043910, at *2 (E.D. Ky. Jan. 2, 2024) ("Blanket sealing is easy on the filing lawyer but quite hard on the public's access rights and the First Amendment."); *compare United States v. Gerlach*, 2026 WL 88527, at *2 (N.D. Ohio Jan. 13, 2026) (granting motion to seal sentencing memoranda where the parties represented the sentencing memoranda would contain "sensitive medical and mental health information about the Defendant"); *cf. United States v. Graham*, 2025 WL 1638795, at *1 (E.D. Mich. June 9, 2025) (granting motion to seal a victim's medical records in light of the need to protect "sensitive information about the victim's medical history").  And Giri's Motion does not provide why, for instance, a more limited redaction would be insufficient should the germane information otherwise be "easily redacted from the public docket without wholesale sealing." *Doe v. Teays Valley Loc. Sch. Bd. of Educ.*, 2024 WL 3841212, at *2 (S.D. Ohio Aug. 15, 2024).

Giri's Motion is **DENIED**, but without prejudice to its renewal should Giri address why the presumption of public openness in court records can be overcome with respect to his sentencing memorandum.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
**UNITED STATES DISTRICT JUDGE**

**DATED:  April 29, 2026**

2